# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:

Estate of Arlene Anne Townsend,

                                    Case No. 8:16-cv-00615-JDW-MAP

        Petitioner,

_____/

## RESPONDENT RUBIN SCHRON'S OBJECTION TO THE
## TOWNSEND ESTATE'S PETITION FOR A WRIT OF MANDAMUS

Rubin Schron respectfully submits this Objection to the Petition for a Writ of Mandamus filed by the Estate of Arlene Anne Townsend (the "Townsend Estate") on March 15, 2016 (the "Petition") (Doc. 1), and in support thereof states as follows.

## INTRODUCTION

The Townsend Estate seeks a writ of mandamus to compel the remand of a collection proceeding previously removed to the Bankruptcy Court. The Bankruptcy Court denied remand and stayed the action pending this Court's adjudication of an appeal addressing nearly identical issues. There is no reason for mandamus given that the Townsend Estate's arguments will be heard on the pending appeal, and Chief Judge Williamson's decision was entirely correct on the merits.

At the time of removal, the Townsend Estate and five other probate estates were litigating a parallel action against Mr. Schron and 15 others in the Bankruptcy Court. The Trustee for the Debtor was a co-plaintiff with the Townsend Estate, and the Bankruptcy Court had enjoined the Townsend Estate from proceeding elsewhere. Accordingly, the parallel *Townsend* action was "related" to the bankruptcy case under 28 U.S.C. § 1334(b)

and was properly removed, only three days after purported service, under 28 U.S.C. § 1452.

The Mandamus Petition repeatedly misrepresents the nature of this removed action. No personal injury action has ever been removed to the Bankruptcy Court. Nor has the Townsend Estate ever asserted any personal injury claim against Schron. Instead, in the removed *Townsend* proceeding, the Townsend Estate sought to "add" Mr. Schron and others to an existing judgment based upon what it called a "real party in interest" theory. The Townsend Estate's motion, however, was barred by a preliminary injunction and was substantially identical to its claims in the Bankruptcy Court.

Chief Judge Williamson ultimately dismissed the Townsend Estate's claims against Schron with prejudice. In so doing, he quoted Judge Merryday, who had dismissed similar claims that the same probate estates had brought against an entirely different group of defendants. The Court observed that the complaint "provides to the disinterested reader little or nothing on which to conclude that the allegations arise from a sound factual basis or, more to the point, that the pleader has even the least notion that the allegations arise from a sound factual basis." *Estate of Jackson v. Gen. Elec. Capital Corp. (In re Fundamental Long Term Care, Inc.)*, 512 B.R. 690, 697 n.13 (Bankr. M.D. Fla. 2014) (quoting *Jackson-Platts v. McGraw-Hill Cos.*, No. 8:13-CV-850, 2013 WL 6440203, at *4 (M.D. Fla. Nov. 8, 2013)). The Townsend Estate could not credibly impose upon Schron the liabilities of defunct companies to which he was a stranger.

After the Bankruptcy Court entered judgment in Schron's favor, the Townsend Estate took an appeal, which is currently pending before Judge Kovachevich. *See Estate*

*of Jackson v. Schron,* No. 8:16-cv-22 (M.D. Fla.). That appeal raises the same jurisdictional arguments advanced here, as well as the Townsend Estate's challenge to the Permanent Injunction that bars it from re-litigating the dismissed claims elsewhere. *See id.* With these avenues available, the Townsend Estate may hardly seek a writ of mandamus to circumvent them. The Petition should be denied.

## Procedural and Factual Background Relevant to the Petition

The Townsend Estate is one of six Probate Estates, who are jointly represented by Wilkes & McHugh P.A, and have proceeded on identical collection theories. Between 2004 and 2009, the Probate Estates brought personal injury claims in various Florida courts against Trans Healthcare, Inc. ("THI"), and its former subsidiary, Trans Health Management, Inc. ("THMI"). *See Estate of Jackson v. Gen. Elec. Capital Corp. (In re FLTCI)*, 507 B.R. 359, 364, 368, 370-71 (Bankr. M.D. Fla. 2014). In 2006, THI sold THMI to Fundamental Long Term Care, Inc. ("FLTCI"), which is the Debtor in the Bankruptcy Court. *Id.* at 368-69. THMI soon became defunct, and THI gradually wound down its operations and entered receivership in Maryland in 2009. *Id.* at 369-70.

The THI Receiver continued to defend both THI and THMI until April 2010, when the receivership claims bar date had expired. *Id.* at 371. At that point, the Probate Estates added punitive damages allegations to the undefended lawsuits. Three of the Probate Estates then won massive default judgments against THI and THMI in "empty-chair" jury trials, totaling ***more than $1 billion***. *Id.* at 364, 371. The Probate Estates sought to capitalize upon these huge judgments against defunct companies by impleading uninvolved third parties, such as Schron. *See id.* at 371. Seeking to leverage the

Bankruptcy Court's jurisdiction (while continuing to pursue supplemental proceedings), the Probate Estates "added" FLTCI (which was also defunct) to a $110 million default judgment and then commenced the involuntary bankruptcy proceeding. *Id.* at 364, 371.

## I.    The Townsend Estate's Post-Judgment Collection Efforts

The Townsend Estate brought its personal injury action against THI and THMI in 2009. *See In re FLTCI,* 500 B.R. 147, 150 & n.3 (Bankr. M.D. Fla. 2013); Notice of Removal ¶ 1, *Estate of Townsend v. Gen. Elec. Capital Corp*, No. 8:14-ap-251 (Bankr. M.D. Fla. Mar. 24, 2014), Doc. 1.   After counsel for THI and THMI withdrew, the state court entered default judgments.   Notice of Removal ¶ 2.   The state court then held a jury trial on damages against THI and returned a ***$1.11 billion judgment***, including $1 billion in punitive damages. *Id.*   The state court entered the final judgment on July 29, 2013. *Id*.

Two days later, the Townsend Estate moved to "add" sixteen parties, including Schron, to the massive judgment. *See* Notice of Removal ¶ 3; Motion to Alter or Amend the Judgment to Conform with Evidence at Trial ("Motion to Amend"), Notice of Removal Ex. 1, *Townsend*, No. 8:14-ap-251, Doc. 1-1.   Fifteen of these third parties had neither been named as defendants nor received any notice of the lawsuit.   Notice of Removal ¶ 3.   Nonetheless, the Motion to Amend contended that "evidence" at trial showed that these absent parties were the "real parties in interest" behind THI.   Motion to Amend ¶ 1.   The sole basis for the Motion was a January 2012 Settlement Agreement that supposedly rendered the THI Receiver "the nominee for the Settling Third Parties." *Id.*

The Townsend Estate did not serve the Motion to Amend on any of the third parties.   Notice of Removal ¶ 3.   The Estate asked the court to "add" the third parties to

the judgment without holding a hearing, acquiring jurisdiction, or providing notice or an opportunity to be heard. *Id.* ¶ 4; July 31, 2013 Letter, Notice of Removal Ex. 2, *Townsend*, No. 8:14-ap-251, Doc. 1-2. Incredibly, without any hearing, the trial judge signed the Amended Final Judgment on the very day that the Estate requested it. Notice of Removal ¶ 4. All of the third parties, including Schron, immediately won a stay at the Second District Court of Appeal.

## II. The Bankruptcy Court Enjoins Outside Collection Actions

While the Townsend Estate continued its state court efforts, the related proceedings advanced in the Bankruptcy Court. The Bankruptcy Court soon learned that the Probate Estates "had been pursuing fraudulent transfer and alter ego (or similar) claims in state-court proceedings supplementary" and other actions involving judgments against THI and THMI. *In re FLTCI,* 500 B.R. at 152. In these actions, the Probate Estates alleged that THI and THMI were part of "one joint enterprise and . . . alter egos" and that third parties were liable for fraudulent transfers of THMI's assets and for other alleged transactions involving THI and THMI. *Id.* at 157.

The Bankruptcy Court concluded that this state court litigation interfered with the FLTCI Trustee's parallel claims and "create[d] a very real possibility of inconsistent results," because "the evidence needed to prove up the claims is the same as the evidence the Trustee will need to prove in order to prevail on her claims [in this Court]." *Id.* at 158-59. Since the Probate Estates alleged that THI and THMI were "alter egos," and the FLTCI Trustee planned to pursue the same claims, the state court litigation "could conceivably affect the amount of money in the estate." *In re FLTCI*, 500 B.R. at 157,

160; *In re FLTCI*, 501 B.R. 770, 778 (Bankr. M.D. Fla. 2013). Because the state court actions were "related to" the bankruptcy case, *id.*, the court enjoined the Probate Estates from pursuing any collection efforts "that may implicate property conceivably belonging to the Debtor's bankruptcy estate," and specifically directed them to "cease all litigation" in the *Townsend* matter (except for the appeals). Injunction Order ¶¶ 1, 2(g), 3, *In re FLTCI*, No. 8:11-bk-22258 (Nov. 27, 2013), Doc. 1272.

### III.    The Townsend Estate Files Its Claims in the Bankruptcy Court

The Townsend Estate did not appeal the preliminary injunction. Instead, the Probate Estates and the FLTCI Trustee jointly filed an adversary proceeding against Schron and the other third parties, alleging alter ego, successor liability, fraudulent transfer, and similar claims. *Estate of Jackson v. Gen. Elec. Capital Corp.*, No. 8:13-ap-893 (the "*Jackson* Adversary").

The Bankruptcy Court dismissed most of the Probate Estates' claims, including all against Schron, in June 2014. *Jackson*, 512 B.R. at 695-98, 706-07. The dismissed causes of action included the claim that through the January 2012 Settlement Agreement, Schron had somehow become obliged to defend THI and THMI in the negligence lawsuits and liable for their debts. *See id.* at 702-05, 706. That was "essentially the same" theory as that advanced in the appealed *Townsend* proceeding. *Estate of Jackson v. Gen. Elec. Capital Corp. (In re FLTCI)*, 527 B.R. 497, 517 n.113 (Bankr. M.D. Fla. 2015) (noting that the "'real party in interest' theory" in *Townsend* is "essentially the same as several of the claims asserted here just recast under a different name."). In dismissing, the Bankruptcy Court held that the Probate Estates' interpretation of the

January 2012 Settlement Agreement was "flatly contradicted by the language of the agreement itself." *Jackson*, 512 B.R. at 704.

## IV. General Electric Capital Corporation Removes the Townsend Estate's Collection Action to the Bankruptcy Court

On February 14, 2014, the Second District Court of Appeal reversed in *Townsend*. *See Gen. Elec. Capital Corp. v. Shattuck*, 132 So. 3d 908 (Fla. 2d DCA 2014). The appellate court held that, because there is "no exception allowing a plaintiff to bring persons under the purview of a final judgment without providing at least the basic, minimal due process requirements of notice and opportunity to be heard," the state trial court "never gained jurisdiction" over the third parties. *Id.* at 914. The appellate court remanded the action, but expressly stated that it did "not intend to suggest what remedies, *if any*, may be available to the Estate after remand." *Id.* at 912 n.4 (emphasis added).

On March 21, 2014, the Townsend Estate re-filed its Motion to Amend and purported to serve the third parties by e-mailing their counsel. *See* Motion to Amend, Notice of Removal Ex. 5, *Townsend,* No. 8:14-ap-251, Doc. 1-5. Three days later, General Electric Capital Corporation ("GECC") removed the Motion to Amend to the Bankruptcy Court, with the consent of the other third parties. Notice of Removal ¶ 15.

The removal included only the newly filed third party claims, not the underlying personal injury claims against THI and THMI. *Id.* at 1 ("GECC hereby removes to this Court all claims that Plaintiff the Estate of Townsend asserts against certain 'Settling Third Parties,' . . . in a pleading styled as 'Plaintiff's Motion to Alter or Amend the Judgment to Conform with Evidence at Trial'"); *id.* ¶ 10 (contrasting the new theories of liability asserted in the Motion to Amend with those pled in the complaint). Schron and

others also moved to enforce the Preliminary Injunction. Motions to Enforce Preliminary Injunction, *Jackson*, No. 8:13-ap-893 (Mar. 24 & 26, 2014), Docs. 237 & 251.

On April 23, 2014, the Townsend Estate requested remand. Motion to Remand, *Townsend*, No. 8:14-ap-251, Doc. 27. The Townsend Estate asserted that removal was untimely and that the Bankruptcy Court lacked jurisdiction. The Bankruptcy Court heard argument on May 12, 2014, and orally denied the motion. *See* Hr'g Tr. at 106:19-22, *Townsend*, No. 8:14-ap-251 (May 12, 2014), Doc. 40.

## V. The Bankruptcy Court Enters a Final Judgment and Permanent Injunction and Retains Jurisdiction Over the Townsend Estate's Claims

Following the dismissal of all claims against Schron, the Probate Estates and Trustee litigated the surviving claims in *Jackson*, culminating in a September 2015 trial. After the claims were resolved or settled, the Bankruptcy Court entered a Final Judgment in favor of Schron. Final Judgment, *Jackson*, No. 8:13-ap-893 (Dec. 16, 2015), Doc. 1168. The Bankruptcy Court also entered a Permanent Injunction that barred the Probate Estates from re-litigating the dismissed claims against Schron. Permanent Injunction, *Jackson*, No. 8:13-ap-893 (Dec. 16, 2015), Doc. 1167. The Probate Estates appealed both orders, and their appeal is pending in this Court. *Jackson,* No. 8:16-cv-22 (M.D. Fla.).

On the same day that the Bankruptcy Court entered the Final Judgment and Permanent Injunction, the Court entered a written order granting the motions to enforce the injunction against the Townsend Estate. Order Granting Motions to Enforce Injunction ¶ 1, *Jackson*, No. 8:13-ap-893 (Dec. 16, 2015), Doc. 1166 ("The Townsend Estate is enjoined from seeking to add Schron and the GTCR Group as defendants in the *Estate of Townsend v. Trans Healthcare, Inc.*, Case No. 09-CA-3102."). The Probate

Estates appealed that order, as well. *See Jackson*, No. 8:16-cv-22 (M.D. Fla.). The Bankruptcy Court also confirmed its denial of remand in *Townsend*. Order, *Townsend*, No. 8:14-ap-251 (Dec. 16, 2015), Doc. 50.

Rather than seek interlocutory review of the Order denying remand, the Townsend Estate filed a Motion for Clarification or Renewed Motion for Remand. *See* Motion, *Townsend*, No. 8:14-ap-251 (Dec. 30, 2015), Doc. 51. The Motion requested confirmation that the underlying negligence claims against THI were not removed but remained in state court. *Id.* at 2. It also reiterated the request for remand. *Id.* at 3.

On February 23, 2016, the Bankruptcy Court granted the Townsend Estate's motion in part. Order, *Townsend*, No. 8:14-ap-251 (Feb. 23, 2016), Doc 66. The Bankruptcy Court confirmed that "[t]he removal only applied to the claims in the Townsend Estate's Motion to Alter Judgment, and only the Townsend Estate's claims against Rubin Schron and other targets were removed to this Court." *Id.* ¶ 1. Thus, the personal injury claims remained in state court. *Id.* However, the Bankruptcy Court denied the renewed request for remand. *Id.* ¶ 2; Hr'g Tr. at 48:23-49:4, *Townsend*, No. 8:14-ap-251 (Jan. 20, 2016), Doc. 61.

The Townsend Estate did not seek an interlocutory appeal of the denial of remand. Instead, three weeks later, it filed this Petition for a Writ of Mandamus.

## **ARGUMENT**

Mandamus is a "drastic remedy confined to rare situations." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1258 (11th Cir. 2006); *see also Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980) ("Only exceptional circumstances, amounting to a

judicial usurpation of power, will justify the invocation of this extraordinary remedy."); *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances."); *In re BellSouth Corp.*, 334 F.3d 941, 954 (11th Cir. 2003) (mandamus is an "extraordinary remedy requiring demonstrable injustice or irreparable injury.").

A reviewing court may issue a writ of mandamus only where the petitioner (1) demonstrates that he "ha[s] no other adequate means to attain the relief he desires," and (2) satisfies "the burden of showing that (his) right to issuance of the writ is 'clear and indisputable,'" and (3) even if those conditions are met, the "issuance of the writ is in large part a matter of discretion" of the reviewing court. *Kerr*, 426 U.S. at 403; *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d at 1258 (same); *Lawrence v. U.S. Bankr. Court*, 153 F. App'x 552, 554 (11th Cir. 2005) (same). The Townsend Estate entirely fails to satisfy these requirements.

## I.       The Townsend Estate Has Other Adequate Means to Obtain Relief

A petitioner seeking mandamus first must demonstrate that it has "exhausted all other avenues of relief." *Lifestar Ambulance Serv., Inc. v. U.S.*, 365 F.3d 1293, 1295 (11th Cir. 2004); *see also In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d at 1258 (petitioner must demonstrate that "'no other adequate means' exists to obtain the relief desired").  The Townsend Estate cannot do so, because it had the right to seek interlocutory review of the denial of remand and because it could litigate its claim and, if dissatisfied, take an appeal.  These avenues preclude a grant of mandamus.

The Townsend Estate has already neglected the most obvious means of obtaining the desired relief. Petitioner could have sought leave to appeal the order denying remand under Federal Rule of Bankruptcy Procedure 8004. Petitioner asserts that seeking interlocutory review would have been futile, because Chief Judge Williamson might have denied such a request. Petition at 14. Such speculation does not release Petitioner from the requirement that it exhaust other avenues of relief. *See Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1285 (11th Cir. 2014) (Pryor, J., concurring) ("writs of mandamus are unavailable 'where there is another means to obtain ***adequate*** review'" and adequacy "does not depend on whether the petitioner is likely to win his appeal."); *accord Lifestar*, 365 F.3d at 1296, 1298 (rejecting contention that because petitioner was "unlikely to win," administrative remedy was therefore "futile").

In fact, the Townsend Estate provides no support for the contention that its request would have been futile. The Petition asserts only that "given the bankruptcy court's decisions on Petitioners' motions for remand and clarification, a request for interlocutory review would be futile." Petition at 14. But that does not put the Townsend Estate in a different position from any other would-be appellant. By definition, the party seeking leave for interlocutory review will ask for assistance from the judge who ruled against him. But Bankruptcy Courts regularly grant leave to appeal under appropriate circumstances, and such a posture could hardly be "futile" as a matter of law.

Petitioner has an additional avenue for relief, because it already appealed the Bankruptcy Court's related orders. If the Townsend Estate prevails and the Final Judgment is reversed, it may litigate its claim before Chief Judge Williamson. *See* Hr'g

Tr. at 48:2-6, *Townsend*, No. 8:14-ap-251 (Jan. 20, 2016), Doc. 61 (recognizing that if the District Court were to reverse, "the Schron case would go forward in this court."). In addition, should the Townsend Estate successfully challenge the Bankruptcy Court's jurisdiction, the Bankruptcy Court may revisit its denial of remand. *Id.* at 49:5-7.

Either way, the Townsend Estate may appeal any final order, *see Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008) (appellate court may "consider denial of a motion to remand upon the entry of a final order."), and the availability of a direct appeal after final judgment also precludes mandamus. *See Allied Chem. Corp.*, 449 U.S. at 36 (where a litigant "is free to seek review . . . on direct appeal after a final judgment . . . it cannot be said that the litigant 'has no other adequate means to seek the relief he desires.'"); *Ex parte Fahey*, 332 U.S. 258, 260 (1947) (mandamus is not "a substitute for appeal" and "should be resorted to only where appeal is a clearly inadequate remedy"); *Lawrence*, 153 F. App'x at 554 (mandamus was properly denied because petitioner "had an alternate avenue of relief: a direct appeal of the ruling of the bankruptcy court."); *In re BellSouth Corp.*, 334 F.3d at 951 ("mandamus is not to be used as a subterfuge to obtain appellate review that is otherwise foreclosed by law").

Petitioner complains that it should not be required to "endure proceedings" that may ultimately be overturned on appeal. Petition at 14. However, the burdens of future litigation will not justify mandamus. *See In re BellSouth Corp.*, 334 F.3d at 954 ("[t]he mere possibility that a litigant might have to re-litigate a case is not a sufficiently compelling interest to warrant immediate review."); *United States v. U.S. Dist. Court, S. Dist. of Tex.*, 506 F.2d 383, 384 (5th Cir. 1974) (mandamus "is not to be used as a

substitute for appeal . . . even though hardship may result from delay or a perhaps unnecessary trial"); *In re B&B Props., Ltd.,* 423 F. Supp. 23, 26 (N.D. Ga. 1976) (same).[1]

## II.     The Townsend Estate Does Not Have a "Clear and Indisputable" Right

The Petition should also be denied because Chief Judge Williamson's orders were correct, and the Townsend Estate cannot demonstrate a "clear and indisputable" right to the writ.  To show a "clear and indisputable" right, the petition must do more than provide "evidence that, on appeal, would warrant reversal of the district court."  *In re BellSouth Corp.*, 334 F.3d at 953; *see also In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 962 (5th Cir. 1980) (mandamus "will not issue to correct a duty that is to any degree debatable").  In addition, "[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp.*, 449 U.S. at 36.  The Townsend Estate is far from demonstrating a "clear and indisputable right" to remand, because the Bankruptcy Court correctly determined that it had jurisdiction and that remand was inappropriate.

In arguing the contrary, the Petition rests upon a number of demonstrably erroneous legal premises.  ***First***, the Petition contends that "there is no federal subject matter jurisdiction under either diversity or federal question."  Petition at 11.  However,

---

[1] Many other courts have likewise ruled that, where an interlocutory appeal or an appeal from a final judgment provides another avenue for relief, Petitioner may not "circumvent" those options through mandamus.  *DeMasi v. Weiss*, 669 F.2d 114, 118-19 (3d Cir. 1982); *see also In re Briscoe*, 448 F.3d 201, 214-15 (3d Cir. 2006) (denying mandamus because "an appeal after final judgment is not an illusory or ineffectual means" to challenge denial of remand, and the "expense inherent in pursuing litigation" and "added burdens" of other interlocutory rulings "do not suffice to warrant the extraordinary step of mandamus intervention."); *In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001) (denying mandamus where order would be reviewable on appeal from final judgment and cautioning against "the potential danger in permitting a party to use a petition for a writ of mandamus as an end-run around our appellate rules"); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1006-07 (1st Cir. 1988) (stating that mandamus "is not a substitute for interlocutory appeal" and rejecting "the general burdensomeness of litigation as a basis for assuming mandamus jurisdiction" over interlocutory orders reviewable on appeal from final judgment).

that is completely irrelevant, because the Bankruptcy Court's jurisdiction was not premised on either basis, but upon 28 U.S.C. § 1334(b), which provides jurisdiction over actions "related to" pending bankruptcy cases. Indeed, that is the same jurisdiction that the Townsend Estate invoked in seeking to hold Schron liable for the obligations of THI and THMI in the *Jackson* Adversary.

**Second**, the Petition argues that the Bankruptcy Court lacked jurisdiction because it was "prohibited by federal statute from trying personal injury tort claims." Petition at 12. However, as the Bankruptcy Court recently confirmed, the Townsend Estate's personal injury claims were ***not*** removed to the Bankruptcy Court. *See, e.g.*, Order ¶ 1, *Townsend*, No. 8:14-ap-251 (Feb. 23, 2016), Doc. 66; Notice of Removal at 1 & ¶ 10. The Townsend Estate has never asserted any personal injury claims against Schron.

**Third**, the Petition claims that the Motion to Amend was not removable, because it was not a separate action, but an "inseparable adjunct of the state court action." Petition at 11. In so doing, the Townsend Estate relies upon *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1312 (M.D. Fla. 2011), which it contends held "the same with regard to the Estates' proceedings supplementary under Fla. Stat. § 56.29." Petition at 11 n.10. What the Townsend Estate neglects to mention is that the Eleventh Circuit specifically overturned that conclusion in *Jackson-Platts v. General Electric Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) ("The Estate maintains that the first supplementary proceeding is in fact ancillary to the underlying tort action. We disagree."). The Townsend Estate's reliance on overturned law is curious, because the controlling case involved both the Probate Estates and Schron. In *Jackson-Platts*, the

Eleventh Circuit confirmed that a collection proceeding, commenced post-judgment, against new parties, is a new action removable to federal court. *See id.* at 1139.

**Fourth**, the Townsend Estate argues that the Bankruptcy Court's decision could not include this proceeding, because it was an action by a creditor of the bankruptcy estate against a non-debtor. However, it is well-established that Bankruptcy Court jurisdiction may include "'suits between third parties which have an effect on the bankruptcy estate.'" *In re Superior Homes & Investments, LLC*, 521 F. App'x 895, 898 (11th Cir. 2013) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995)). The Bankruptcy Court's jurisdiction over actions "related to" the bankruptcy extends to any dispute that "could conceivably have an effect on the estate being administered in bankruptcy." *Id.* at 898; *In re Ryan,* 276 F. App'x 963, 966 (11th Cir. 2008) (same); *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) ("The key word in the . . . test is 'conceivable,' which makes the jurisdictional grant extremely broad.").

In the removed proceeding, the Townsend Estate sought to collect on a judgment entered against THI in state court by impleading third parties based on their purported dealings with THMI and THI. *See* Motion to Amend, *Townsend*, No. 8:14-ap-251, Doc. 1-1. Meanwhile, the Townsend Estate and the FLTCI Trustee pursued the same parties in the Bankruptcy Court on the very same claims, while maintaining that THI and THMI were a single enterprise. *See* Am. Compl. ¶¶ 45-51, 523-41, 585-98, *Jackson*, No. 8:13-ap-893 (Dec. 19, 2013), Doc. 72; *see also In re FLTCI*, 501 B.R. at 778.

It was certainly "conceivable," at the time of removal, that the Probate Estates' overlapping state court collection actions, including *Townsend*, might interfere with the

administration of the Bankruptcy Estate. *See, e.g., In re FLTCI*, 500 B.R. at 157 ("How can the Estate of Townsend collect on its judgment against THI by seeking to undo a transfer of assets that belong to THMI . . . without interfering with the administration of this estate?"). In fact, as the Bankruptcy Court recently observed, these very claims were eventually tried and "produced settlement proceeds of $23 million," having not just a "conceivable," but an "enormous effect" on the Bankruptcy Estate. Hr'g Tr. 47:9-15, *Townsend*, No. 8:14-ap-251 (Jan. 20, 2016), Doc. 61.

The Estate also asserts that the Bankruptcy Court lacks jurisdiction over any claims having any connection to THI, because the Bankruptcy Court ultimately substantively consolidated THMI, but not THI, with the Debtor. Petition at 3, 15-16. However, the Bankruptcy Court's jurisdiction is decided at the time of removal and is not lost based on subsequent rulings. *See In re Toledo*, 170 F.3d at 1346 n.8 (bankruptcy court had jurisdiction over proceeding that "could conceivably have had an effect on the Estate," even though it "did not ultimately benefit the Estate."); *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 895 (Bankr. M.D. Fla. 2012) (bankruptcy court's jurisdiction is determined "at the time the adversary complaint is filed" and "the court is not divested of jurisdiction due to subsequent changes in events"). In this case, the Bankruptcy Court ruled that it had jurisdiction because the Townsend Estate's collection action could affect the Bankruptcy Estate, and thus, the ultimate lack of consolidation of THI and the Debtor has no bearing on jurisdiction.[2]

---

[2] The Townsend Estate cites two summary orders issued by Judge Moody, which directed the Bankruptcy Court to determine the substantive consolidation of THMI before resolving other matters. Those orders, which did not involve Schron or the matters at issue here, have no bearing on the Petition.

Even if the resolution of certain bankruptcy claims has reduced the future impact that the Townsend Estate's claims could have on the FLTCI Estate, the decision to remand remains in the Bankruptcy Court's discretion and thus is not subject to mandamus. The decision to relinquish jurisdiction following a change in circumstances is entrusted to the discretion of the Bankruptcy Court. *See In re Rolsafe*, 477 B.R. at 896 (if "subsequent events" suggest that adversary proceedings "no longer have a conceivable effect on the estate, the decision whether to retain jurisdiction . . . is left to the sound discretion of the bankruptcy court."); *In re Morris,* 950 F.2d 1531, 1534 (11th Cir. 1992) (holding that when underlying bankruptcy case is dismissed, "[t]he decision whether to retain jurisdiction over [a related] adversary proceeding should be left to the sound discretion of the bankruptcy court"). Where the Bankruptcy Court has the discretion to retain jurisdiction, the Petitioner cannot establish a "clear and indisputable right" to issuance of the writ. *See Allied Chem. Corp.*, 449 U.S. at 36 (where trial court had discretion, petitioner could not show a "clear and indisputable" right).

**Finally**, Petitioner incorrectly argues that the removal of the *Townsend* action was untimely. It was not. The action was removed within three days of attempted service of the first pleading. *See* Notice of Removal ¶ 9, *Townsend*, No. 8:14-ap-251 (Mar. 24, 2014), Doc. 1 (Townsend Estate first purported to serve the removing parties on March 21, 2014); Fed. R. Bankr. P. 9027(a)(3) (a notice of removal must be filed within "30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed."). The Townsend Estate claims that eight months passed between the ***filing*** of its initial Motion to Amend and removal.

Petition at 13. But the Townsend Estate never ***served*** that motion on Schron or any other third party. As the Florida appellate court confirmed, the filing of the Motion to Amend, without service, did not commence the action. *See Shattuck*, 132 So.3d at 914.[3]

The Supreme Court has made clear that the 30-day removal clock begins to run "through service or otherwise." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 348 (1999). In *Murphy Brothers*, the Court held that the removal period under 28 U.S.C. § 1446(b) will not be triggered by "mere receipt of the complaint unattended by any formal service," but requires "service of a summons or other authority-asserting measure stating the time within which the party must appear and defend." *Id. at* 348, 350; *see also In re Plowman*, 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) ("28 U.S.C. § 1446(b)'s and Fed. Rule of Bank. P. 9027(a)(3)'s removal time periods are identical"). GECC's removal of the Motion to Amend, three days after the Townsend Estate's first attempt to serve the Motion, was indisputably timely.

## III.     The Circumstances of This Case Confirm that the Petition Should Be Denied

The Townsend Estate also flunks the third test for mandamus—there is no reason why the Court should exercise its discretion here. *See Kerr*, 426 U.S. at 403 ("[I]t is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed."); *U.S. Dist. Court, S. Dist. of Tex.*, 506 F.2d at 384 ("The power to issue the writ is discretionary and is sparingly exercised."). The Petition was filed almost two years after the first denial of the motion to remand, ten

---

[3] In addition, Schron did not have any chance to remove the action before the state trial court found him liable by adding him to a final judgment. Far from "litigat[ing] on the merits," Petition at 13, Schron did nothing more than take the appeal necessary to void that unconstitutional action.

weeks after the Bankruptcy Court confirmed that decision, and without any effort to pursue an interlocutory appeal. That hardly makes it a good candidate for mandamus.

In addition, as the Bankruptcy Court recognized, the claims against Schron that the Townsend Estate seeks to litigate are fundamentally meritless, contrary to the language of the 2012 Settlement Agreement, and have already been decided. *Jackson*, 512 B.R. at 695-98, 702-07 (dismissing with prejudice claims based on the 2012 Settlement Agreement as "flatly contradicted by the language of the agreement itself"); *Jackson*, 527 B.R. at 517 n.113 (noting that the "'real party in interest' theory" in *Townsend* is "completely without merit" and is "essentially the same as several of the claims asserted [in the *Jackson* Adversary] just recast under a different name.").

The Townsend Estate also cannot benefit from mandamus while its appeal is pending. Even if this Court were to order remand, the Estate would be barred from litigating its claims, unless or until it prevails on appeal. The Permanent Injunction enjoins further proceedings in *Townsend*, and the dismissal of the Probate Estates' claims is *res judicata. See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (dismissal with prejudice bars litigation of claims that were or could have been litigated in the prior action). Therefore, despite its best efforts, the Townsend Estate cannot use the Petition to circumvent its pending appeal.

In addition, the Townsend Estate's request is unwarranted because, even if it were to obtain some relief on the pending appeal (an unlikely outcome), the Court would still face the question of where Petitioner's claim should be heard. The Bankruptcy Court remains the appropriate forum, having already devoted immense efforts to adjudicating

the Townsend Estate's claims over several years, including countless hours of hearings resulting in "hundreds of pages" of opinions and more than twenty reported decisions. *See* Hr'g Tr. at 46:11-49:12, *Townsend*, No. 8:14-ap-251 (Jan. 20, 2016), Doc. 61 (observing that the Bankruptcy Court "spent the better part of three years working on this case" and recounting the "substantial amount of time and energy . . . put into bringing this case to this stage."). By contrast, the state court has never addressed any claims against Mr. Schron and in fact does not have personal jurisdiction over him.[4]  *See Shattuck*, 132 So. 3d at 914. The Townsend Estate cannot make the case for remand.

## <u>CONCLUSION</u>

For the foregoing reasons, Schron respectfully requests that the Court enter an order denying the Petition for Writ of Mandamus, and granting such other and further relief as the Court deems reasonable and necessary under the circumstances.

Dated:  April 11, 2016
        Tampa, Florida

/s/ Rod Anderson
Rod Anderson
Florida Bar No. 370762
Joseph H. Varner III
Florida Bar No. 0394904
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601
Phone: 813-227-8500  Fax: 813-229-0134
rod.anderson@hklaw.com

*and*

---

[4] Mr. Schron is a New York resident who is not subject to personal jurisdiction in Florida state court.  *See Shattuck*, 132 So. 3d at 912 n.3 (noting that the Townsend Estate's third party targets "appear to be nonresidents of Florida" and that "two inquiries must be made regarding personal jurisdiction over a nonresident: whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [long-arm] statute; and if it does, . . . whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements.'").

Steven A. Engel
DECHERT LLP
1900 K Street NW
Washington, DC 2006
Phone: 202-261-3300  Fax:  202-261-3143

Katherine M. Wyman
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110
Phone: 617-728-7100  Fax: 617-426-6567

*Attorneys for Rubin Schron*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was filed with the Clerk of the United States District Court for the Middle District of Florida by the CM/ECF system, which caused a copy of the foregoing document to be served by email to all counsel of record this 11th day of April, 2016.

*/s/ Rod Anderson*
Attorney